UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN GIRGIS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IKON OFFICE SOLUTIONS, INC., a foreign corporation, and CLINT PHILLIPS, an individual,<br><br>　　　　　Defendants. | NO.  C10-525RSL<br><br>ORDER FOR REMAND TO STATE COURT |

This matter comes before the Court on plaintiff's motion for remand to state court (Dkt. # 11).  Having considered the materials submitted and the pleadings and papers on file, the Court hereby GRANTS plaintiffs' motion.

**A. Fraudulent Joinder**

To succeed in removing a case for "fraudulent joinder," defendants must show by clear and convincing evidence that the plaintiff has failed to state a proper cause of action against non-diverse defendant Clint Phillips and that "the failure is obvious according to settled rules of the state."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1327 (9th Cir. 1998).  Defendants cite no settled law making obvious plaintiff's failure to state a claim.  Because there is a non-fanciful possibility that plaintiff states a claim under Washington law against the non-diverse defendant, the Court must remand.

Order for Remand to State Court - 1

See <u>Macey v. Allstate Prop. & Cas. Ins. Co.</u>, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002).  Plaintiff's motion is GRANTED.

**B. Fees**

Removal here was plainly improper and the expense should be borne by defendants pursuant to 28 U.S.C. § 1447(c).  Defendants are ORDERED to pay plaintiff's reasonable fees of $ 4,515.[1]

DATED this 28th day of May, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] This figure represents the $5,255 reflected in plaintiff's counsel's declarations minus four out of the eight associate hours spent on the reply brief.

Order for Remand to State Court - 2